IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | Case No. 3:22-CR-00115 (BKS) |
| JOSEPH FRANCIS MORELLI, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the court sentence the defendant to serve a prison term of 27 months, followed by a three-year term of supervised release, mandated mental health treatment, and a $100 special assessment. The defendant has a history of making harassing telephone calls and engaging in protracted harassment of other persons, judges, police, and government officials that has not been sufficiently sanctioned in the past.

# I

# INTRODUCTION

On February 1, 2023, the defendant entered a guilty plea to counts 1,2, and 3, of three-count Indictment charging him with making Interstate Threatening Communications, in violation of 18 U.S.C., Section 875(c). The defendant is scheduled to be sentenced on July 7, 2023, in Syracuse, New York.

II

APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1. **Statutory Maximum and Minimum Sentences**

   a) For his conviction for making Interstate Threatening Communications, in violation of 18 U.S.C., Section 875(c), he faces a not more than 5-years imprisonment, and a fine of up to $250,000.00.

2. **Guidelines Provisions**

   b) The Presentence Investigation Report indicates that the offense level is 17(PSR ¶ 78). The United States agrees with this calculation.

   c) The government will recommend a 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty and all relevant conduct, as defined in U.S.S.G. § 1B1.3; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

   d) The government will move for a 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to

enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 or more before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

3. **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I (PSR ¶ 37). The United States agrees with the Probation Office's determination of the defendant's criminal history category. However, it should be noted that the defendant's criminal history includes violation level convictions for similar harassing behavior as that in the instant case that do not score for purposes of calculating criminal history (see PSR paragraphs 35 and 36). He has also engaged in documented highly aggressive and dangerous behavior towards a New York State Judge, the City of Tonawanda Police Department, and the FBI (PSR paragraphs 35, 36, and 39). See also PSR paragraph 8.

4. **Guidelines Range and Sentence**

The Presentence Report suggests that, absent any departures, the federal sentencing guidelines as set forth advise that the defendant receive a sentence of 24 to 30 months, and a supervised release term of up to 3-years. The defendant has been released since a few days after his arrest on March 16, 2022, and has few assets, no liabilities, and his receiving disability benefits through Social Security, and therefore, he cannot pay a fine (PSR paragraph 76).

III

**GOVERNMENT'S SENTENCING RECOMMENDATION**

Based on all of the information before the Court, the United States respectfully requests that the defendant be sentenced to serve a prison term of 27 months, followed by a three-year term of supervised release, mandated mental health treatment, and a $100 special assessment. The sentence that the government recommends is sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a)(2).

The defendant now finds himself convicted of a federal felony after a long history of aggressive and harassing behavior directed at a former spouse, a former New York State Judge, local police departments, and the FBI. In the instant case, Mr. Morelli made a horrific series of threats against a serving member of Congress. The threats, which are set forth at PSR ¶ 39, are filled with cursing, vulgarity, and detail about his desire to kill or seriously injure the victim. The threats make it clear that Mr. Morelli believed that he would be doing society something positive were he to kill or injure the Congresswoman. This behavior is not only illegal, but it also threatens the efficacy of our democratic institutions. Nothing can justify or support threatening governmental officials whatever their political party, beliefs, or public statements. Such behavior would be equally serious and illegal if Mr. Morelli had threatened a member of the federal judiciary, or the executive branch, or a private citizen. As such, fundamental justice requires a severe sanction, both to deter (finally) the defendant, but also others who may consider engaging in similar conduct. A review of the Presentence Report shows that Mr. Morelli's past threats and aggressive behavior have never resulted in him being held accountable for his actions. For these reasons alone, the Court should imprison Mr. Morelli for the threats he made to the victim, and to

monitor his behavior during a term of supervised release.

The Presentence Report notes that the defendant suffers from a mental health condition, in partial remission, takes medication (PSR Paragraph 56), and receives Social Security Disability benefits (PSR Paragraph 66). The PSR identifies the defendant's serious mental health issues and limited criminal history as factors that may warrant a sentence outside of the Advisory Guideline System (PSR Paragraph 95). However, it should be noted that at no time during the pendency of this criminal case has the defendant claimed he was incompetent to proceed, nor indicated was he not responsible for his crime by being insane at the time of its commission.

The Presentence Report paints a clear picture of a man seething with anger and rage against those whom he sees as adversaries (his ex-spouse, the New York State Judge), and institutions representing authority (local police departments, the FBI, civilians serving in local government offices). Because of this unchecked hostility, he presents a danger to others and himself. He is one unfortunate episode of rage directed at a local police officer or private person during a random encounter from finding himself severely injured or injuring others, or worse. One can only imagine what might happen, if, for example, Mr. Morelli were to be stopped by police for a traffic infraction when he is experiencing one of his episodes of intense anger, or following him seeing something on television that enrages him. The Presentence Report portrays a person who cannot control his actions and who lashes out without provocation. He presents a danger to others, as this case so aptly demonstrates.

In fashioning a sentence that meets the letter and spirit of Title 18, United States Code, Section 3553A, the Court must be fair to the defendant. It is equally important that the public be protected, and the defendant receive just punishment for his crimes, taking into account the history

and characteristics of the defendant. For justice to be done in this case we believe two things must be a part of the sentence imposed by this Court. First, the Court should mandate that the defendant undergo mental health treatment. As the PSR documents, the treatment that the defendant has received up until now has failed to prevent this crime and the outrageous behavior of the defendant towards others in the past. He must be *mandated* to receive effective mental health treatment so that no person should suffer from his rages again. Second, the Court should sentence the defendant to serve a sentence of imprisonment. No one should be able to make threats such as those made by Mr. Morelli in this case and escape from the sanction of imprisonment. To do so would send the wrong message to the defendant and others who might consider similar criminal activity. A sentence of imprisonment will let the defendant know that what he did was a crime, not merely a momentary episode of inconsequential bad behavior. Mr. Morelli's crime was not having, "a bad day," it was the commission of a federal felony. He should be held accountable for his criminal actions in this case, and we urge the Court to impose the requested sentence as just punishment for his offense, to promote respect for the law, to reflect the seriousness of the offense, and deter others from similar violations of law.

Dated: June 20, 2023

Respectfully submitted,

CARLA B. FREEDMAN
United States Attorney

By:   */s/ Richard R. Southwick*
Richard R. Southwick
Assistant United States Attorney
Bar Roll No. 506265